IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WATERSTONE MORTGAGE CORPORATION,

                Plaintiff,

    v.                                                                  ORDER

OFFIT KURMAN, LLC, and OFFIT KURMAN,          17-cv-796-jdp
P.A.,

                Defendants.

---

Plaintiff Waterstone Mortgage Corporation brings this legal malpractice suit concerning its former counsel's alleged negligence and breach of fiduciary duty. Dkt. 5. Waterstone invokes this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332. But because the allegations in the complaint are insufficient to determine whether diversity jurisdiction actually exists, the court will direct it to file an amended complaint containing the necessary allegations.

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless the party invoking federal jurisdiction establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802–03.

Here, Waterstone alleges that diversity jurisdiction exists because: (1) the amount in controversy exceeds $75,000; and (2) the parties are completely diverse in citizenship. Dkt. 5, ¶ 1. For the latter to be true, however, Waterstone cannot be a citizen of the same state as any defendant. *Smart*, 562 F.3d at 803. Waterstone's allegations regarding the parties' citizenships are insufficient to allow the court to determine whether this is the case.

For reasons that are not clear from the complaint, Waterstone names two defendants: Offit Kurman, LLC, and Offit Kurman, P.A. It is not clear whether these are actually two separate entities, or whether Waterstone is unsure of the corporate form of the law firm, so it pleads the two as alternatives. But naming the LLC poses a problem.

Defendant Offit Kurman, LLC, would be a limited liability company, and "the citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). But Waterstone has not alleged the citizenship of the LLC's members, making it impossible to determine whether complete diversity exists in this case. Instead, Waterstone alleges that Offit Kurman, LLC, is "organized under the laws of the State of Maryland, with its principal place of business in the State of Maryland." Dkt. 5, ¶ 4. As the Seventh Circuit has instructed, this information is not relevant in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

Offit Kurman, P.A., would be a corporation under Maryland law, *see* Md. Code Ann. Corps. & Ass'ns § 1-502(f)(1), so its citizenship is properly pleaded.

Before dismissing this action for lack of subject matter jurisdiction, the court will give Waterstone a short deadline to file an amended complaint that establishes subject matter jurisdiction by alleging citizenship of each party. In alleging Offit Kurman, LLC's citizenship,

Waterstone should be aware that if any of the LLC's members are themselves limited liability companies, partnerships, or other similar entities, then the citizenship of those members and partners must be alleged as well. *See Meryerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (per curiam) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

ORDER

IT IS ORDERED that:

1. Plaintiff may have until November 13, 2017, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

2. Failure to timely amend will result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered October 30, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge