IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WATERSTONE MORTGAGE CORPORATION,

                Plaintiff,

    v.                                                  OPINION & ORDER

OFFIT KURMAN, LLC, and OFFIT KURMAN,        17-cv-796-jdp
P.A.,

                Defendants.

---

Plaintiff Waterstone Mortgage Corporation brings this legal malpractice suit against its former counsel, defendants Offit Kurman, LLC, and Offit Kurman, P.A. It alleges that Offit Kurman performed negligently and breached its fiduciary duties while providing legal services to Waterstone in connection with *Herrington v. Waterstone Mortgage Corp.*, No. 11-cv-779 (W.D. Wis. filed Nov. 18, 2011), and the related arbitration. Waterstone moves to stay this case pending resolution of *Herrington*, which is on appeal to the Seventh Circuit, and another case against Waterstone, *Werner v. Waterstone Mortgage Corporation*, No. 17-cv-608 (W.D. Wis. filed Aug. 4, 2017). Dkt. 24. The court will deny the motion to stay for now. Waterstone can file a new motion if any of the potential problems that it cites ripen into actual problems.

The court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). When exercising that discretion, courts often consider "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691

F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citation omitted). The court must balance these factors "in light of the court's strict duty to exercise jurisdiction in a timely manner." *Id.* "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708.

Waterstone offers three arguments in support of a stay, but none are persuasive at this point. First, a stay pending resolution of the underlying litigation would allow the parties to accurately assess the damages allegedly attributable to Offit Kurman's malpractice, which Waterstone alleges includes its attorney fees incurred and damages awarded in *Herrington* and *Werner*. But these damages will only need to be calculated if liability is established. Both *Herrington* and *Werner* may be resolved before this case, so it would be premature to stay the case now. And if this case closes in on the damages question before *Herrington* and *Werner* are resolved, Waterstone can renew its motion to stay.

Waterstone's second reason for a stay is that Offit Kurman will seek discovery of the defense strategy and advice offered by Waterstone's *current* counsel in *Herrington*, Ogletree Deakins. Disclosure of this information heightens the risk that opposing counsel in *Herrington* will obtain a copy, even if a protective order is in place, argues Waterstone. Offit Kurman does not dispute that it will seek this discovery, but at this point, it's far from clear that it will be successful. Privileged matter is usually nondiscoverable. Whether specific information meets an exception to the attorney-client privilege or work-product doctrine is an open question, and if some information may be discoverable, a protective order will be sufficient. The risk of disclosure of sensitive information does not warrant a stay.

Finally, Waterstone argues that a stay is necessary to avoid a conflict of interest that would force Ogletree Deakins to withdraw from *Herrington* and *Werner*. The problem, according to Waterstone, is that Offit Kurman intends to file a third-party complaint asserting an

2

equitable contribution claim against Ogletree Deakins, which would create a conflict of interest for Ogletree Deakins. Offit Kurman's response to this contention is confusing: it argues that "there would be no justifiable basis to seek contribution from [Ogletree Deakins] based on the current facts before this Court," but then it asks the court to "[e]nter an order granting [it] leave to file a Third Party Compliant against Ogletree Deakins." Dkt. 27, at 7, 11. Regardless, as both parties appear to acknowledge, Offit Kurman must move for leave to file a third-party complaint—it does not have an automatic right to do so, as more than 14 days have passed since it filed its answer. *See* Fed. R. Civ. P. 14(a)(1). Offit Kurman has not filed such a motion. And even if it does, the court may not grant the motion—Waterstone cites some cases indicating that courts may deny such a motion if the third-party practice would "unduly complicate the original suit," *Cent. States, Se. & Sw. Areas Pension Fund v. Gopher News. Co.*, 542 F. Supp. 2d 823, 826 (N.D. Ill. 2008), or "prejudice the original plaintiff." *Dishong v. Peabody Corp.*, 219 F.R.D. 382, 385 (E.D. Va. 2003); *see also* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1443 (3d ed. 2017). So the conflict-of-interest problem of which Waterstone complains, just like the damages problem, is merely hypothetical at this point. Thus, the court will deny Waterstone's motion without prejudice to it refiling later in the litigation, should one of these hypothetical problems materialize.

ORDER

IT IS ORDERED that plaintiff Waterstone Mortgage Corporation's motion to stay, Dkt. 24, is DENIED without prejudice.

Entered February 20, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge