IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WATERSTONE MORTGAGE CORPORATION,

                  Plaintiff,

  v.                                                                      OPINION & ORDER

OFFIT KURMAN, LLC, and OFFIT KURMAN,          17-cv-796-jdp
P.A.,

                  Defendants.

---

      Plaintiff Waterstone Mortgage Corporation brings this legal malpractice suit against its former counsel, defendants Offit Kurman, LLC, and Offit Kurman, P.A. It alleges that Offit Kurman performed negligently and breached its fiduciary duties while providing legal services to Waterstone in connection with *Herrington v. Waterstone Mortgage Corp.*, No. 11-cv-779 (W.D. Wis. filed Nov. 18, 2011), and the related arbitration. Offit Kurman has moved for leave to file a third-party complaint for contribution against Ogletree, Deakins, Nash, Smoak & Stewart, P.C., the law firm that represented Waterstone concurrently with Offit Kurman and has continued to represent Waterstone in the *Herrington* case since Offit Kurman withdrew. Dkt. 31. Essentially, Offit Kurman alleges that Waterstone's damages were caused, at least in part, by Ogletree Deakins's negligence, and it wants to ensure that it isn't held liable for Ogletree Deakins's missteps. Because a third-party contribution claim is unnecessary to accomplish Offit Kurman's goal, the court will deny it leave to file a third-party complaint. The court will dismiss as moot Waterstone's motion to stay the proceedings.

ANALYSIS

Whether to allow third-party practice under Rule 14 is a matter "within the sound discretion of the trial court." *Highlands Ins. Co. v. Lewis Rail Serv. Co.*, 10 F.3d 1247, 1251 (7th Cir. 1993); *accord* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1443 (3d ed. 2017). In exercising that discretion, courts often consider the possible prejudice to the plaintiffs, defendants, and third-party defendants; the complication of issues at trial versus the savings "involved in the needless repetition of evidence at a subsequent trial," and "the merit of the third party complaint." *Crude Crew v. McGinnis & Assocs., Inc.*, 572 F. Supp. 103, 109 (E.D. Wis. 1983); *accord* Wright & Miller, *supra* ("[I]f the claim is a proper third-party action and will not prejudice the other parties or unduly complicate the litigation, there is no reason to deny an application under Rule 14(a).").

Here, there's no question that allowing Offit Kurman to implead Ogletree Deakins will be efficient. But the parties strongly contest just how much prejudice will be caused by putting Ogletree Deakins in the uncomfortable and potentially unethical position of defending itself against accusations of legal malpractice concerning its current client.

The Seventh Circuit Court of Appeals has not applied Rule 14 to third-party contribution claims of this sort. *But see Alper v. Altheimer & Gray*, 257 F.3d 680, 688 (7th Cir. 2001) (reversing the dismissal under Rule 12(b)(6) of a third-party contribution claim brought by former counsel against successor counsel). Both parties rely on non-binding authority. Offit Kurman points to *Brown v. LaChance*, a Wisconsin Court of Appeals opinion addressing a motion to dismiss a third-party complaint filed by the defendant attorneys against the plaintiff's former attorney for failure to state a claim. 477 N.W.2d 296, 165 Wis. 2d 52 (1991). Federal law governs the procedural decision whether to allow third-party practice, so *Brown* is

only persuasive authority. Still, *Brown* is particularly relevant to the court's consideration of the merit of the third-party complaint, which is brought under Wisconsin law. *Brown* held that "a claim for contribution or indemnity by one attorney against another for alleged negligence in the representation of the same client" is cognizable under Wisconsin law. *Id.* at 301. It noted that such a claim presents "a legitimate concern with protecting attorney-client confidentiality," but it concluded that the confidentiality concern is outweighed by the public interest in "assuring that any attorney who negligently represents a client may be held liable." *Id.* at 301–02.

Waterstone points to *Mirch v. Frank*, an opinion from the District of Nevada addressing "whether an attorney defending a malpractice suit should be permitted to implead his former client's current counsel in order to seek indemnity or contribution for the current counsel's alleged malpractice." 295 F. Supp. 2d 1180, 1183 (D. Nev. 2003). According to *Mirch*, "a majority of states do not allow" third-party suits brought by former counsel against current counsel, although "many states have split on the" issue. *Id.*

Both sides spill much ink attempting to distinguish this case from the authority cited by the other side, but in the end, neither authority is binding on this court. The real issue here is how to avoid prejudice to the parties in *this* case. There's no real dispute that the potential for prejudice is great on all sides. If Offit Kurman is allowed to implead Ogletree Deakins, Ogletree Deakins will be forced to withdraw from representation of Watersone in *Herrington* and a related case, *Werner v. Waterstone Mortgage Corporation*, No. 17-cv-608 (W.D. Wis. filed Aug. 4, 2017), leaving Waterstone in the lurch. Waterstone finds this situation so unappealing that it is willing to voluntarily dismiss its suit against Offit Kurman rather than proceed in the suit with Ogletree Deakins as a third-party defendant. *See* Dkt. 32 (Waterstone's motion to

3

stay or voluntarily dismiss the action without prejudice). On the other hand, if Offit Kurman isn't allowed to implead Ogletree Deakins, it may end up on the hook for damages actually attributable to Ogletree Deakins and will be forced to spend more time and money bringing a separate contribution action.

But there is a third option. "Under Wisconsin comparative negligence law, it is required that the degree of negligence of both party and nonparty tort-feasors be determined in a negligence action." *Unigard Ins. Co. v. Ins. Co. of N. Am.*, 184 Wis. 2d 78, 516 N.W.2d 762, 765 (Ct. App. 1994).[1] That is, even if Offit Kurman doesn't implead Ogletree Deakins, it can still point the finger at Ogletree Deakins, and it won't be held liable for any damages attributable to Ogletree Deakins's negligence. But Ogletree Deakins won't be on the hook for those damages, either. Rather, Waterstone bears the risk that its damages will be reduced. This solution isn't perfect—the possibility of discovery issues remains—but it moderates the risk of prejudice to everyone involved. So the court will deny Offit Kurman leave to file a third-party complaint against Ogletree Deakins, and it will deny Waterstone's motion to stay litigation as moot.

---

[1] *Accord Tudjan v. Wis. Dep't of Health & Family Servs.*, No. 05-cv-970, 2008 WL 3905677, at *3 (E.D. Wis. Aug. 19, 2008); *Gross v. Midwest Speedways, Inc.*, 81 Wis. 2d 129, 260 N.W.2d 36, 41 (1977); *see also* Restatement (Third) of the Law Governing Lawyers § 53(i) (2000) ("The first lawyer . . . may not seek contribution of indemnity from the successor lawyer in the same action in which the successor lawyer represents the client . . . . The first lawyer may, however, dispute liability in the negligence or fiduciary breach action for the portion of damages caused by the second lawyer . . . ."), *quoted in Mirch*, 295 F. Supp. 2d at 1185.

ORDER

IT IS ORDERED that:

1. Defendants Offit Kurman, LLC, and Offit Kurman, P.A.'s motion for leave to file a third-party complaint, Dkt. 31, is DENIED.

2. Plaintiff Waterstone Mortgage Corporation's motion to stay, Dkt. 32, is DENIED as moot.

Entered May 4, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge