IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WATERSTONE MORTGAGE CORPORATION,

                      Plaintiff,

    v.

OFFIT KURMAN, LLC, and OFFIT KURMAN, P.A.,

                      Defendants.

OPINION and ORDER

17-cv-796-jdp

---

Plaintiff Waterstone Mortgage Corporation brings this legal malpractice suit against its former counsel, defendants Offit Kurman, LLC, and Offit Kurman, P.A. It alleges that Offit Kurman performed negligently and breached its fiduciary duties while providing legal services to Waterstone in connection with *Herrington v. Waterstone Mortgage Corp.*, No. 11-cv-779 (W.D. Wis. filed Nov. 18, 2011), and the related arbitration. Waterstone has filed its third motion to stay all proceedings pending the resolution in this court of *Herrington* and a related case, *Werner v. Waterstone Mortgage Corp.*, No. 17-cv-608 (W.D. Wis. filed Aug. 4, 2017). Dkt. 48. In the alternative, it asks the court to continue the trial date and other deadlines by at least six months. Offit Kurman opposes the stay, but joins in Waterstone's request that the court continue the trial date and other deadlines.

The court will deny the motion for much the same reason it denied Waterstone's first motion to stay. *See* Dkt. 30. Although the damages in this case may hinge in large part on the outcomes of *Herrington* and *Werner*, these damages need only be calculated if liability is established. Nothing about the unresolved status of *Herrington* and *Werner* should impede the parties' ability to make their liability cases. If the case survives summary judgment and *Herrington* and *Werner* remain pending, Waterstone can renew its motion at that time.

ANALYSIS

The court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). When exercising that discretion, courts often consider "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citation omitted). The court must balance these factors "in light of the court's strict duty to exercise jurisdiction in a timely manner." *Id.* "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708.

Waterstone's sole argument in support of a stay pending resolution of *Herrington* and *Werner* is that it would allow the parties to accurately assess the damages allegedly attributable to Offit Kurman's malpractice, which Waterston alleges includes its attorney fees incurred and any damages awarded in those cases. Without a sense of how much Waterstone might be liable for in those cases, it says it cannot determine the scope of factual and expert damages-related discovery that must be done. It emphasizes, however, that its malpractice suit against Offit Kurman will proceed regardless of the final outcome in *Herrington* and *Werner*, because Offit Kurman's alleged negligence in drafting the employee agreements at issue in those cases is what caused the suits to be filed in the first place.

As Waterstone acknowledges, the *Herrington* action is unlikely to resolve any time soon because of the potential for lengthy arbitration proceedings and appeals. But Waterstone presumably filed this case when it did because it had a ripe malpractice claim. This court is

strongly disinclined to let cases lie fallow for years simply because of the contingent status of the damages.

Further, it is not clear to the court why the scope of factual and expert discovery would be so dramatically altered by the outcome in *Herrington*. Regardless whether the court upholds Herrington's original arbitration award, Waterstone will presumably still need to seek discovery relating to Offit Kurman's alleged misconduct during the *Herrington* case and arbitration to prove liability for the attorney's fees and costs that Waterstone incurred as a result of the alleged malpractice.

In any event, the court need not decide the issue now because, prior to summary judgment, it is premature. Even if the court assumes that Waterstone's potential damages remain uncertain until *Herrington* and *Werner* are resolved, neither party has shown that either case bears on the question of Offit Kurman's liability. To prevail on a malpractice claim under Wisconsin law, Waterstone must demonstrate that: (1) it had a lawyer-client relationship with Offit Kurman; (2) Offit Kurman committed acts or omissions constituting negligence; and (3) the negligence caused injury to Waterstone. *Gibbs v. Williams*, No. 14-cv-420-jdp, 2015 WL 5440628, at *2 (citing *Tallmadege v. Boyle*, 2007 WI App 47, ¶ 15, 300 Wis.2d 510, 730 N.W.2d 173). At trial, Waterstone will need to prove the nature and extent of its injury before it can recover for it. *Id.* But for summary judgment purposes, Waterstone need only show that it was injured by Offit Kurman; it need not demonstrate the precise nature and extent of that injury. *See, e.g.*, *McKnight v. Gingras*, 966 F. Supp. 801, 812 (E.D. Wis. 1997) (granting summary judgment in legal malpractice case in favor of plaintiff as to liability only). The same is true of Waterstone's breach of fiduciary duty claims. Indeed, under Wisconsin law, "injury is presumed from the mere fact of a breach of fiduciary duty," so to prove liability "the principal

does not have to show damage." *Select Creations, Inc. v. Paliafito America, Inc.*, 911 F. Supp. 1130, 1155 (E.D. Wis. 1995) (quoting *Bockemuhl v. Jordan*, 270 Wis. 14, 18, 70 N.W.2d 26 26 (1955)).

At this point, neither party has indicated whether it intends to seek summary judgment. But assuming that at least one of them does, much of the discovery relevant to liability should already be complete, because the dispositive motions deadline is February 15, 2019. If, after the dispositive motions deadline, the parties continue to believe that a continuance is warranted, they can move to extend discovery and continue the trial. But they should be prepared to explain with particularity (1) what continuance, short of an indefinite or years-long stay, will suffice to give the parties a better handle on damages; and (2) exactly how the scope of factual and expert discovery stands to be dramatically altered by the outcome in *Herrington*.

ORDER

IT IS ORDERED that Plaintiff Waterstone Mortgage Corporation's motion to stay, Dkt. 48, is DENIED.

Entered January 30, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge